Morton B. Silberman, J.
This is an article 78 proceeding to review a determination which reduced the amount of petitioner’s *2 grant .of public assistance in the form of home relief (hereinafter HR). Said determination was made after a “fair hearing.” However, referral to the Appellate Division for hearing and determination is not required, since .the petition raises questions of1 law only (CPLR 7804, subd. [g]).
The dispositive facts are not in dispute: prior to January, 1974 petitioner’s husband was receiving- $151 a month from the Rock-land County Department of Social Services (hereinafter local agency) as and for “ aid to the disabled.” In addition, during the months of December, 1973 through June, 1974, petitioner’s husband was also receiving New York State disability payments in the amount of $292.50 a month.
In January, 1974, pursuant to subchapter XVI (U. S. Code, tit. 42, § 1381 et seq.) of the Social Security Act (IT. S. Code, tit. 42, § 301 et seq.), the grant of petitioner’s husband from the local agency was terminated and converted to a Federal ‘ ‘ supplemental .security income ” grant (hereinafter SSI). In determining the amount of his SSI grant, the Federal authorities deducted from .the amount petitioner’s husband would otherwise have received the amount of his New York State disability payments, less an applicable exemption of $20 a month (see IT. S. Code, tit. 42, § 1382a, subd. [b], par. [2]).
Thereafter, and on or about January 3, 1974, petitioner received a notice from the local agency 'stating that petitioner’s HR g-rant would be reduced from $167 a month to $145.30 a month, effective February 1, 1974. In a second notice, dated January 31, 1974, the local agency advised petitioner that her HR grant would be further reduced to $48.30 a month, effective March 1, 1974. The reason given by the local agency for the reductions was that one half of the New York .State disability payments then being received by petitioner’s husband was to be considered as income or an available resource to petitioner and, .therefore, was to be applied against petitioner’s budgeted needs in determining the amount of her HR grant. The local agency’s determination was upheld by the Commissioner of the New York State Department of Social Services (hereinafter State Agency), after a “ fair hearing.”
In the court’s opinion, respondents erred in reducing the amount of petitioner’s HR grant on account of the New York State disability payments received by her husband.
The Regulations of the New York State Department of .Social Services mandate that, for purposes of calculating the amount of monthly grants and allowances, 11 children or adults residing with a SSI beneficiary, shall be considered as a separate house *3 hold” (18 NYCRR 352.2 [c]). Respondents concede that by force of the foregoing regulation an SSI grant, as such, may not be applied against the budgeted needs of an HR recipient residing with the SSI beneficiary, so as to reduce the amount of the HR .grant. Nevertheless, respondents maintain that under section 131-a of the Social Services Law, New York State disability payments received by an SSI beneficiary residing with an HR recipient may be applied in reduction of an HR grant.
Insofar as relevant hereto, subdivision 1 of section 131-a of the Social Services Law states that ‘ ‘ provision * * * for all items of need, less any available income or resources which are not required to be disregarded by other provisions of this chapter, shall be made in accordance with [the schedules set forth in] .this 'section.” (Emphasis added.) In logic and fairness, State disability payments received by an SSI beneficiary may not properly be considered as income or a resource available to an HR recipient with whom the SSI beneficiary resides where, as here, those very payments have already been considered by the Federal authorities in. reduction of the SSl grant. Moreover, reduction of an HR grant on account of a resource already applied in reduction of an SSI grant constitutes an indirect violation of the proscription against considering an SSI beneficiary as a member of the same household in calculating an HR grant (18 NYCRR 352.2 [c], supra).
Respondents’ determination is annulled, and the matter is remitted to respondents for a recomputation of petitioner’s HR grant in accordance with the views expressed herein.